The Court
(Strong, Sedgwick, Sewall, and Thatcher, justices) ruled that damages were to be assessed for all damages sustained previous to the rendition of the judgment. They said, that this being a proceeding in equity, they would not oblige the plaintiff to *10 bring a sci. fa. for damages which may have accrued between the commencement of the - action and the time of rendering judgment. (1)
JD< wey for the plaintiff. J. C.
Williams for the defendants.
'Note. The words of the act above mentioned, (which are material to be here men tioned,) as also of the provincial stat. of 8 and 9 Geo. II, c. 2., (see Province Law Book, p. 277,) from which the act of 1798 seems to have been copied, are,11 that when any action shall be brought and prosecuted on any bond or other specialty, with penalties, for the payment of sums of money, performance of covenants, contracts, agreements, matters or things to be done at several times, and the plaintiff f # I o 1 recover the * forfeiture of such penalty ; the court shall enter up judgJ ment for the whole of such forfeiture, and award execution only for so much of the debt or damages as is due or sustained at that time, &c.,>

 [When a new action may be brought and satisfaction obtained for any duty or demand which has arisen since the commencement of the depending suit, that duty or demand shall not be included in the judgment in the former action; as in covenant for non-payment of rent, or of an annuity payable at different times, the plaintiff may bring a new action toties quoties as often as the respective sums become due and payable. So, in trespass and in tort, new actions may be brought as often as new injuries and wrongs are repeated, and therefore damages shall be assigned only up to the time of the wrong complained of. But where a man brings an action of assumpsit for principal and interest upon a contract, obliging the defendant to pay such principal money with interest from such a time, he complains of the non-payment of both ; the interest is an accessory to the principal, and he cannot bring a new action for any interest grown due between the commencement of his action and the judgment in it, and therefore both shall be included in the judgment. Robinson vs. Bland, 2 Burr. 1087.—And accordingly it is the common practice, in actions on bills of exchange and other debts which carry interest, for the jury to give their verdict for the principal and interest calculated up to the day when the plaintiff is entitled to judgment. Harbleton vs. Vere, 2 Saund. 171, b. n. 1. And it is believed that, at least with the exception of matters merely of account, the same rules are applicable in courts of equity. Any ground of claim which has arisen since the filing of the original bill must be set forth in a supplemental or new bill, or it cannot be made the basis of a decree.—Ed.]